***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except for modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner W. Bain Jones, Jr., with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant.
3. Defendant is self insured.
4. Plaintiff's average weekly wage was $414.69 (resulting in a compensation rate of $276.46).
5. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
6. Defense exhibits were stipulated into evidence as Stipulated Exhibit 2.
7. The issues before the Full Commission are: (i) whether plaintiffs injuries sustained on January 1, 2001 and February 4, 2001 are causally related to plaintiff's compensable injury by accident on August 3, 2000; (ii) if so, what compensation, if any, is due plaintiff; and (iii) whether plaintiff's current employment status is a result of her August 3, 2000 injury.
 *********** EVIDENTIARY RULINGS
The objections raised in the deposition of Anna Bettendorf, M.D., Edward J. Clemons, Jr., D.D.S., and Edwin T. Preston, M.D., are OVERRULED.
 ***********
Based upon all the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 75 years old. Plaintiff began her nursing career in 1949 and continued to work until the time of her retirement on February 28, 2001. Plaintiff was employed by various hospitals and clinics during her career. For almost 20 years, plaintiff worked at Durham Veterans Hospital and for 10 years, plaintiff was employed by defendant.
2. Plaintiff sustained an admittedly compensable accident on August 3, 2000 when she was plugging in an outlet for a protocol quick-signs machine and the wall outlet exploded, sending electricity through her left leg and into her left great toe.
3. Defendant accepted this as a compensable injury and plaintiff continued to work after the injury.
4. Plaintiff received treatment by Edward T. Preston, M.D., for injuries sustained on August 3, 2000.
5. Dr. Preston determined, and the Full Commission finds as a fact, plaintiff was suffering from pain and numbness from her electric shock injury of August 3, 2000. Dr. Preston further determined, and the Full Commission fords as a fact, plaintiff had suffered electric shock and sensory neuropathy resulting from the electric shock of August 3, 2000.
6. Plaintiff's complaints in November of 2000 were related to her left foot injuries of August 3, 2000. Plaintiff was still having pain around the toe with the feeling of numbness and tingling in her foot and other toes. This condition had not improved since the time of the injury of August 3, 2000, and interfered with plaintiffs daily activities.
7. In November 2000, Dr. Preston believed, and the Full Commission finds as fact, plaintiff was going to have a permanent problem as a result of her electric shock. Dr. Preston felt, and the Full Commission finds as fact, plaintiff would continue to have sensory impairment and chronic pain as a result of her admittedly compensable injury.
8. On December 5, 2000, plaintiff returned to Dr. Preston. Plaintiff continued to have pain and numbness in her left great toe and part of her left foot, and these conditions are likely to be permanent.
9. On January 1, 2001, plaintiff was leaving the hospital to go to the parking lot when her left foot and leg gave way causing her to fall. This incident was a natural progression of the electric shock to her a left leg and foot. The electric shock caused nerve damage.
10. On February 4, 2001, plaintiff again fell because of the compensable nerve damage to her left leg and foot and lost nine (9) teeth as result of this fall.
11. On August 14, 2001, Dr. Preston gave plaintiff a ten (10%) percent permanent partial disability rating to her foot and leg as result of the electric shock on August 3, 2000.
12. Plaintiff was sent for an evaluation by Anna Bettendorf, M.D., on September 30, 2001. Dr. Bettendorf saw plaintiff only for the purpose of this evaluation. Dr. Bettendorf believes the nerve problem in plaintiff's left leg and foot was caused by her diabetes and was not a result of her electric shock.
13. Dr. Preston is the treating physician and has seen plaintiff during the length of her treatment. Dr. Preston was in a better position than Dr. Bettendorf to determine the cause of the nerve problems in plaintiff's left leg and foot. The Full Commission gives greater weight to the testimony of Dr. Preston.
14. Plaintiff's falls on January 1, 2001 and February 4, 2001 are causally related to the compensable injury by accident on August 3, 2000.
15. Plaintiff retired because of her continued problems with her left foot and leg. Plaintiff had not intended to retire on February 28, 2001 had she not suffered the electric shock on August 3, 2000.
16. The compensable injury of August 3, 2000, has rendered plaintiff incapable of earning wages in any occupation. The injury did not become completely disabling until February 28, 2001. Due to her advanced age and physical condition resulting from the compensable injury, plaintiff's compensable disability is total and permanent.
17. This appeal was brought by the insurer (defendant is self insured) and the Industrial Commission by this Opinion and Award has ordered the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee.
18. Plaintiff's lawyer is entitled to a reasonable attorney fee, in addition to the 25% contingency fee, of $1,000.00 with respect to defendant's appeal to the Full Commission.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reaches the following additional:
 CONCLUSIONS OF LAW
1. On August 3, 2000, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. Plaintiff suffered an electric shock and the results of this shock were significant in her left foot and toes. N.C. Gen. Stat. § 97-2(6).
2. Defendant is responsible for the medical treatment plaintiff has received as result of her compensable injury by accident. N.C. Gen. Stat. § 97-25.
3. Plaintiff's injuries on January 1, 2001 and February 4, 2001 are causally related to her compensable injury by accident on August 3, 2000. N.C. Gen. Stat. § 97-2.
4. Plaintiff is entitled to receive medical treatment relating to these injuries on January 1, 2001 and February 4, 2001. N.C. Gen. Stat. § 97-25.
5. Plaintiff is entitled to receive total disability compensation as result of her compensable injury by accident, commencing on February 28, 2001 and continuing until further Order from the industrial Commission. N.C. Gen. Stat. § 97-29.
6. The Industrial Commission has discretionary authority to order defendant to pay the cost of plaintiff's defense of this appeal. N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to an attorney fee as set forth below, defendant shall pay to plaintiff $276.46 per week from February 28, 2001 for the reminder of her life. The amount that has accrued through the filing date of this Opinion and Award shall be paid in a lump sum. Defendant shall pay 75 percent of this amount to plaintiff and shall pay 25 percent of this amount directly to plaintiff's lawyer. Thereafter defendant shall make weekly payments off $276.46 to plaintiff with every fourth check going directly to plaintiff's lawyer. Defendant shall pay to plaintiff interest on outstanding amounts at the rate of 8 percent per year from the date of the hearing before the Deputy Commissioner.
2. Defendant shall pay all medical expenses resulting from plaintiff's injuries on January 1, 2001 and February 4, 2001.
3. Defendant shall pay $1,000.00 to plaintiffs counsel pursuant to N.C. Gen. Stat. § 97-88.
4. Defendant shall pay the costs.
This 20th day of December 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER